IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MANSON, )<br>)<br>   *Plaintiff,* )<br>)<br>   -vs- )<br>)<br>)<br>CITY OF CHICAGO, P.O. D. STANEK #10446, )<br>P.O. C. McGHEE #11410, P.O. M. BOUCH #10723, )<br>P.O. R GRAJEWSKI #13269, P.O. M. KOSUR #13811, )<br>P.O. K. CUHLANE #14996, P.O. P. PERKOVICH #2610, )<br>P.O. W BYK JR #2819, P.O. J. MURPHY, #3297, )<br>P.O. C. LEWIS #4103, P.O. M. HAIDARI #4663, )<br>P.O. T. FITZPATRICK #8646, and )<br>ANIMAL CARE OFFICER LOZA #303, )<br>)<br>   *Defendants.* ) | No. 08 CV \_\_\_\_<br><br>*(jury demand)*<br><br>FILED: MAY 23, 2008<br>08CV3024   RCC<br>JUDGE LINDBERG<br>MAGISTRATE JUDGE DENLOW |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Anthony Mason is a resident of the Northern District of Illinois.

3. Defendants P.O. D. Stanek #10446, P.O. C. McGhee #11410, P.O. K. Culhane #14996, P.O. M. Bouch #10723, P.O. R Grajewski #13269, P.O. M. Kosur #13811, P.O. P. Perkovich #2610, P.O. W Byk Jr #2819, P.O. J. Murphy, #3297, P.O. C. Lewis #4103, P.O. M. Haidari #4663, and P.O. T. Fitzpatrick #8646 (hereinafter "the police officer defendants"), were at all times relevant acting under color of their authority as police officers of the City of Chicago; each is sued in his individual capacity.

4. Defendant Loza #303 was at all times relevant acting under color of his authority as an animal care and control officer of the City of Chicago.

5.  Defendant City of Chicago is an Illinois municipal corporation.

6.  On May 23, 2006, defendant Sandoval obtained a search warrant for plaintiff's residence in Chicago.

7.  Plaintiff has been unable to determine the basis on which Sandoval obtained a search warrant and believes that Sandoval secured the warrant by making false material statements to the judge who issued the warrant.

8.  The police officer defendants executed the above referred search warrant in an unreasonable manner, causing serious damage to plaintiff's property.

9.  After ransacking the dwelling without finding any of the items specified in the warrant, one or more of the police officer defendants recognized that the search warrant had been based on erroneous information; to cover-up the wrongdoing, defendant Sandoval falsely arrested plaintiff and summoned defendant Loza to the scene.

10. At the behest of one or more of the police officer defendants, defendant Loza seized plaintiff's dogs.

11. At the time he seized plaintiff's dogs, Loza should have known that he could not lawfully seize the animals.

12. Following his arrest, plaintiff remained in police custody overnight before he was permitted to post bond.

13. While in police custody, and at the behest of defendant Stanek, plaintiff was formally charged with a misdemeanor offense.

14. Plaintiff was released from police custody on May 24, 2006 and thereafter made repeated and fruitless attempts to regain possession of his dogs.

15. During the course of proceedings on the criminal charges, plaintiff learned that his animals had been destroyed by the City of Chicago. Plaintiff has been unable to determine the basis on which his animals were destroyed and believes that his dogs were killed pursuant to a policy or practice of the City of Chicago.

16. The above referred criminal charges were resolved in plaintiff's favor in a manner consistent with his innocence.

17. The above described actions of defendants caused plaintiff to be deprived of rights secured by the Fourth Amendment.

18. As a result of defendants' wrongful acts, plaintiff was falsely arrested, deprived of his liberty and property, and subjected to severe emotional distress.

19. Plaintiff demands trial by jury.

WHEREFORE plaintiff prays that judgment be entered against defendants jointly and severally in an amount in excess of five hundred thousand dollars as compensatory damages and against defendant Stanek in an amount in excess of one hundred thousand dollars as punitive damages.

/s/ Kenneth N. Flaxman

―――――――――――――――

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com