IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3024 |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | Jury Demand |
| | ) | |

**DEFENDANTS' MOTION TO COMPEL
RULE 34 ENTRY ONTO LAND FOR INSPECTION**

Defendants, by and through one of their attorneys, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago Department of Law, respectfully move the court pursuant to Rule 37(a)(3)(B)(iv) to compel plaintiff to permit Defendants entry onto real property possessed and controlled by plaintiff. In support of this motion, Defendants state as follows:

1. Plaintiff has filed a complaint alleging Defendant police officers executed a search warrant on the home of plaintiff located at 1118 N. Mason Avenue, Chicago, in an unreasonable manner, causing damage to plaintiff's personal property. (See Docket Entry (D.E.) No. 1, at ¶¶ 8-9).

2. This Court entered a discovery closure date of May 28, 2010. (D.E. No. 53).

3. On March 5, 2010, the undersigned counsel served plaintiff with Defendant City of Chicago's Rule 34 Request for Entry Upon Land. (Exhibit A).

4. On May 11, 2010, the parties finally agreed to schedule the Rule 34 entry and inspection of plaintiff's home for May 26, 2010.

5.     Plaintiff, thereafter, delivered a "waiver of liability" form to be executed by anyone participating in the Rule 34 entry and inspection. (Exhibit B).

6.     Defendants would not execute the waiver prepared by plaintiff's counsel, primarily because plaintiff is known to keep pit bull dogs at his premises and has a history of maintaining his home at 1118 N. Mason Ave. in violation of municipal building codes. Further, such waiver is not required by the Federal Rules of Civil Procedure.

6.     Plaintiff's counsel stated to the undersigned counsel that without executed waivers, plaintiff will allow the scheduled inspection to proceed. (Exhibit C).

7.     The undersigned counsel had a telephone conversation with one of plaintiff's counsel May 25, 2010 in an effort to resolve the dispute, but to no avail.

8.     Plaintiff's unilateral cancellation of the scheduled Rule 34 entry and inspection on the eve of the discovery closure date, without substantial justification as required by Rule 37 (d)(3), was unwarranted and sanctionable.

9.     Defendants request this Court enter an order allowing the Rule 34 entry and inspection to take place within a reasonable period of time; or alternatively sanction plaintiff by striking paragraphs 8 and 9 of plaintiff's complaint pursuant to Rule 37(b)(2)(A)(iii), and further not allow plaintiff to file an amended complaint for failure to comply with this Court's order of filing the same on or before May 18, 2010 (D.E. No. 53).

     Defendants request this Honorable Court to enter of an order granting the instant motion, and order such other relief as this Court deems just and appropriate.

Dated: May 27, 2010

                                              Respectfully submitted,

                                              ***/s/ SanjayPatel***
                                              Sanjay H. Patel

                                      Assistant Corporation Counsel  
City of Chicago Department of Law  
30 N. LaSalle St., Suite 1400  
Chicago, IL 60602  
T: (312) 742-3902  
ARDC # 6272840