**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY MANSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08 C 3024 |
| | ) | |
| **CITY OF CHICAGO, KEVIN** | ) | Magistrate Judge Morton Denlow |
| **CULHANE, CAROL McGHEE,** | ) | |
| **PATRICIA PERKOVICH, and** | ) | |
| **DANIEL STANEK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND FACTS**

Defendants City of Chicago, Officer Kevin Culhane, Officer Carol McGhee, Officer Patricia Perkovich, and Officer Daniel Stanek (collectively "Defendants") prevailed in this jury trial when the jury returned a verdict and this Court entered a judgment in their favor on August 4, 2011. Defendants submitted their Bill of Costs requesting $6,504.02 and Plaintiff Anthony Manson ("Plaintiff") submitted a response with objections. For the following reasons, the Court awards Defendants $5,624.91 in court costs.

**A.     DEFENDANTS' BILL OF COSTS AND PLAINTIFF'S OBJECTIONS.**

In their Bill of Costs, Defendants request $6,504.02.[1] Specifically, Defendants request $165.45 for docket fees, $4,674.08 for court reporter and transcript fees, $1,384.29 for

---

[1] Based on Defendants' itemization of costs, they appear to actually seek $6,504.12.

service of subpoenas, and $280.30 for a trial exhibit. The court reporter and transcript costs include numerous deposition and hearing transcripts:

- Transcript of City of Chicago Administrative Hearing concerning alleged building code violation (23 pages x $3.65, less 2% discount = $82.27);

- Transcript of Plaintiff Anthony Manson's deposition testimony (438 pages x $3.65, less 2% discount = $1,566.73);

- Transcript of Emmitt Bell's deposition testimony (96 pages x $3.65, less 2% discount = $343.39);

- Transcript of Bryce Ludington's deposition testimony (128 pages x $3.65 + $60 attendance fee, less 2% discount = $516.66);

- Transcript of Officer Kevin Culhane's deposition testimony (99 pages x $3.65, less 2% discount = $354.12);

- Transcript of Benjamin Adebayo deposition testimony (66 pages x $2.35, less 2% discount = $152.00);

- Transcript of Officer Patricia Perkovich deposition testimony (109 pages x $3.45 = $376.05);

- Transcript of James Martin, Jr. deposition testimony (95 pages x $3.65, less 2% discount = $339.82);

- Transcript of Jesse Martinez's deposition testimony (94 pages x $3.65 + $60 attendance fee = $403.10);

- Copies of Randi O'Carroll and Officer Daniel Stanek's deposition transcripts (187 pages x $2.35 = $439.45);

- Copy of Ernesto Loza's deposition transcript (34 pages x $2.25 = $76.50);

- Transcripts of proceedings in Plaintiff's criminal case (8 pages x $3.00 = $24.00).

Defendants' request for $1,384.29 for service of subpoenas includes:

- Service of subpoena to Dr. George Koshy on October 19, 2009 ($77.00 for services rendered + $10 check fee + $48.19 witness fee advance = $135.19);

- Service of subpoena to Dr. George Koshy on March 22, 2010 ($77.00 for services rendered + $10 check fee + $47.00 witness fee advance = $134.00);

- Service of rule to show cause to Donald Drink & James Martin ($214.00 for services rendered);

- Service of subpoena to Jesse Martinez ($217.00 for services rendered + $9.00 delivery fee + $45.00 witness fee advance, less $13.02 discount = $257.98);

- Service of subpoenas to Bryce Ludington, James Martin, Jr., Donald Drink, Tom Dunkell, Emmitt Bell and Dr. George Koshy ($448.00 for services rendered + $195.12 witness fee advance[2] = $643.12).

Plaintiff objects to the Bill of Costs as a whole because it was not supported by an affidavit. Plaintiff objects to Defendants' docket fees because they are not true docket fees. Plaintiff objects to various court reporter fees on the grounds that some transcripts were not necessary and several exceeded the actual rate or maximum allowable price per page. Plaintiff objects to the process server fees for services rendered on the grounds of insufficient documentation. Plaintiff objects to the check fees because they are not explained or identified in the invoices. Finally, Plaintiff contests the delivery fees on the grounds that they are ordinary business expenses. These objections will be discussed in order following a brief discussion of the applicable law.

---

[2] The original itemization identified the $195.12 charge as a check fee but the invoice identifies it as a witness fee advance and it will be treated as such.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to recover costs "other than attorneys' fees." Specifically, the recoverable costs include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Rule 54(d) provides a strong presumption that the prevailing party will recover costs, *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997), the "court must review a proposed bill of costs 'in scrupulous detail,'" including the costs to which the losing party does not object. *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). The claimed expenses must be "reasonable, both in amount and necessity to the litigation." *Id.* The Court is vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) (superseded by statute on other grounds); *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 U.S. Dist. LEXIS 89562, at *3 (N.D. Ill. Aug. 11, 2011).

A.   **AFFIDAVIT REQUIREMENT UNDER 28 U.S.C. § 1924.**

Before a prevailing party can be awarded costs, "the party. . .shall attach thereto an affidavit. . .that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. The affidavit must be submitted before the bill of costs is taxed, not when the bill of costs is initially filed. *Comrie v. IPSCO*, No. 08 CV 3060, 2010 WL 5014380, at *2 (N.D. Ill. Dec. 1, 2010). Defendants have submitted an affidavit from attorney Tiffany Harris with their response and therefore have met the requirements of 28 U.S.C. § 1924.

B.   **COPIES OF COURT FILINGS.**

Defendants requested $165.45 for docket fees. Defendants itemized these costs in a table called "Fees for Copies of Paper" which consists solely of copies of court filings. These costs are copies, not docket fees and will be treated as copies. Courts may award costs for "copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies of documents merely for the convenience of the attorney, however, are not recoverable as costs. *Heneghan v. City of Chi.*, No. 09 C 759, 2011 U.S. Dist. LEXIS 113462, at *3 (N.D. Ill. Oct. 3, 2011). Printing paper copies of each docket in an age of electronic filing are necessarily obtained for use in the case, and is not merely for convenience of counsel and therefore not allowable. The Court grants Defendants $165.45 for copies of court filings under 28 U.S.C. § 1920(4).

5

**C.     FEE FOR SERVICE OF SUMMONS AND SUBPOENA**.

Courts may award costs for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the term "marshal" as used in 28 U.S.C. § 1920(1) does not specifically include private process servers, the prevailing party may recover costs for using a private process server as long as those costs do not exceed the fees charged by a marshal. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *Henegan*, 2011 U.S. Dist. LEXIS 113462, at *6. Marshall fees are $55.00 per hour plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Defendants request $1,384.27 in process server costs including $1,033 in fees for service of summons and trial subpoenas and $9.00 in fuel surcharges. Defendants have provided invoices supporting their process service costs for each of the eleven incidents of service. But neither the invoices nor any other documentation provided by Defendants indicate how long it took to effectuate service or how far the process servers had to travel. Although the service costs may be within the range of what U.S. Marshals might charge, the Court will not award potentially unjustified costs based on speculation. Therefore the Court awards the $55 per incident minimum the U.S. Marshals would charge to effectuate service for each of the eleven incidents of service for a total of $605.00.

The remainder of the fees for service consist of witness fee advances of $335.31, check fees of $20.00, and a $13.02 discount. The check fees requested by Defendants are not documented in any invoice and therefore denied. Prevailing parties may recover witness fees under 28 U.S.C. § 1920(3). Expenses for reasonable travel are permitted in addition to

6

the statutory limit of $40 per day. *See* 28 U.S.C. § 1821(b), (c). In this case Dr. Koshy received $48.19 and $47.00 on separate occasions; Jesse Martinez received $45.00; and Bryce Ludington, James Martin, Jr., Donald Drink, Tom Dunkell, Emmitt Bell, and Dr. Koshy collectively received $195.12. These amounts are reasonable in light of the statutory maximum and small allowances for travel expense. Consequently, this Court awards Defendants $335.31 in witness fees.

In sum, the Court awards Defendants $927.29 ($605.00 + $335.31, less $13.02 discount) in fees for service of summons and subpoena.

**D.    COURT REPORTER AND TRANSCRIPT FEES.**

A prevailing party may recover costs for court reporter fees and transcripts. 28 U.S.C. § 1920(2). Rule 54.1(b) of the Local Rules of the United States District Court for the Northern District of Illinois mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." L.R.54.1(b). The following maximum rates established by the Judicial Conference of the United States ("Judicial Conference") govern: (1) $3.65 per page for a regular transcript, and (2) $0.90 per page for the first copy of regular transcripts. *See* General Order 07-0024, *available at* http://www.ilnd.uscourts.gov/CLERS_OFFICE/CRTReporter/tfee0203.pdf (2007).

**1.    Deposition Transcripts**

Defendants request $4,650.08 for court reporter services. Of this amount, Defendants

7

request $120.00 in attendance fees, $667.95 for copied transcripts, and $3,862.13 for regular transcripts. The Court addresses each of these costs in turn.

### a. Court Reporter Attendance Fees

Defendants request $120.000 in fees for the appearance of the court reporter. Although 28 U.S.C. § 1920 fails to explicitly mention deposition attendance fees charged by the court reporter, the Seventh Circuit has consistently held that such fees may be taxed as costs. *See, e.g., Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (holding that a district court may award deposition fees charged by the court reporter notwithstanding the fact that 28 U.S.C. § 1920 does not mention them). At least one court has found attendance fees ranging from $35.00 to $95.00 per hour to be reasonable. *McDonald v. Vill. of Winnetka*, No. 00 C 3199, 2003 WL 1989656, at *1 (N.D. Ill. 2003); *see also Sicher v. Merrill Lynch & Co.*, 2011 U.S. Dist. LEXIS 84841, at *3-4 (N.D. Ill. Aug. 1, 2011) (noting that a Court can award attendance fees in addition to deposition transcripts).

In this case, the $120 attendance fee request consists of two separate appearances each of which lasted over two hours. The hourly rate requested is therefore no higher than $30 per hour and well within the range of reasonableness. Accordingly, the Court awards Defendants $120.00 in fees for the appearance of court reporters.

### b. Fees for Original Transcripts

Defendants request $3,862.13 for original transcript production costs. Of that amount, $3,425.75 is requested for the depositions of Plaintiff, Emmitt Bell, Bryce Ludington, Officer Patricia Perkovich, James Martin, Jr., and Jesse Martinez. There is nothing to suggest that these transcripts were unnecessary for the litigation, and the fees charged per page do not exceed the rate set by the Judicial Conference. Accordingly, the Court awards Defendants $3,425.75 for these costs.

Defendants also request $354.12 for the deposition of Officer Kevin Culhane. Defendants were invoiced at a rate of $3.45 per page for 99 pages but request $3.65 per page. Defendants may not request reimbursement for costs they did not incur. Accordingly, the Court awards Defendants $341.55 ($3.45 per page x 99) for these costs.

Defendants also request $82.27 for a transcript from what appears to be a 2005 City of Chicago Administrative hearing concerning Plaintiff's residence and $24.00 for the transcript from Plaintiff's underlying criminal case. A court may award costs for transcripts as long as they were "reasonably necessary;" transcripts need not, however, be "absolutely indispensable" to the litigation. *Barber*, 7 F.3d at 645. The events in this case centered around Plaintiff's residence and his underlying criminal case. In light of the factual situation, investigation into prior city action involving Plaintiff's residence and investigation into Plaintiff's criminal case were reasonably necessary, even if the information discovered was not used at trial. Consequently, the Court awards Defendants $106.27 for these costs.

### c. Fees for Copied Transcripts

9

Defendants request $667.95 in costs for the copied transcripts of Benjamin Adebayo, Officer Daniel Stanek, Randi O'Carroll, and Ernesto Loza. Because Defendants seek recovery for a copy of a deposition transcript, the maximum fee allowed is $0.90 per page. *See* General Order 07-0024, *available at* http://www.ilnd.uscourts.gov/CLERS_OFFICE/CRTReporter/tfee0203.pdf (2007). Consequently, Defendants' recovery for these costs must be reduced to $258.30.

In sum, this court awards Defendants $4,251.87 in fees for deposition transcript production costs.

**E.    FEES FOR EXHIBITS.**

Defendants request $280.30 for a large color format board that was used as an exhibit at trial. The cost of the exhibit includes a $40.00 delivery fee. Enlargement costs are reimbursable under 28 U.S.C. § 1920(4) to the extent that they are "necessary to the understanding of an issue and a material aid to the jury." *Robinson*, 963 F. Supp. at 694. Plaintiff's lack of objection to the exhibit itself suggests that it was necessary to Defendants' trial. Plaintiff's objection concerns the delivery fee. Plaintiff argues that the costs of delivery are similar to postage and mail delivery which are typically considered overhead, not recoverable costs under 28 U.S.C. § 1920. *See Bass v. Zeta Consumer Products*, No. 98 C 8235,1999 WL 1129603, at *2 (N.D. Ill. Dec. 3, 1999). However, costs such as per diem and delivery charges that are incidental to taking of depositions have been allowed. *See Chemetall GmbH v. ZR Energy Inc.,* No. 99 C 4334, 2001 WL 1104604, at *25-26 (N.D. Ill. Sept. 18, 2001) (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). The Court finds

10

that the incidental delivery charge in this case was reasonable and therefore awards Defendants $280.30 for the exhibit.

### III. CONCLUSION

For the reasons set forth in this opinion, the Court awards Defendants City of Chicago, Officer Kevin Culhane, Officer Carol McGhee, Officer Patricia Perkovich, and Officer Daniel Stanek court costs against Plaintiff Anthony Manson in the amount of $5,624.91, computed as follows:

1. $165.45 for copies of documents obtained for use in the case.

2. $927.29 in fees for service of summons and subpoena.

3. $4,251.87 in fees for deposition transcript production costs.

4. $280.30 in fees for exhibit production.

**SO ORDERED THIS 10th DAY of NOVEMBER, 2011.**

_____
 **MORTON DENLOW**
 **UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Michael Edward Rediger
Law Office of Michael E. Rediger
217 North Jefferson
Suite 602
Chicago, IL 60661

John S. Sawin
Sawin Law Firm, Ltd.
217 North Jefferson
Suite 602
Chicago, IL 60662

**Counsel for Plaintiff**

Tiffany Yvette Harris
Erica A. Hokens
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602

**Counsel for Defendants**